## CHARLES G. DUFFY *vs.* GEORGE E. WEBSTER.

Under the Judiciary Act, cap. 31, § 6, petitions for a new trial in cases specified in section 5 of the same chapter should be filed in the Common Pleas Division.

The disqualification of a juror by reason of interest is ground for a new trial at common law, and so within the provisions of the Judiciary Act, cap. 31, § 5; and a party whose petition for a new trial is based upon that ground is entitled to proceed under § 6 of cap. 31, and file his petition in the Common Pleas Division, if he discovers the juror's disqualification in time to comply with the requirements of that section; otherwise he must proceed under § 2 of cap. 31.

A form of petition for a new trial under the Judiciary Act, cap. 31, § 6, suggested by the court.

MANDAMUS. Petition for a writ to the clerk of the Common Pleas Division of the Supreme Court for the county of Providence commanding him to receive and file a petition for a new trial.

The petition alleges that a verdict was rendered against the petitioner in the Common Pleas Division in an action brought by him against the city treasurer of the city of Providence, whereupon, after due notice of his intention to prefer a petition for a new trial and within the required time, he presented to the clerk of the Common Pleas Division a petition for a new trial on the ground of the disqualification of one of the jurors who sat in the case by reason of his being a taxpayer of the city of Providence; that the clerk received said petition and placed his file mark thereon, but afterwards erased the file mark and returned the petition to the petitioner; and that he refuses to receive and file such petition and to place the same upon the docket and records of the Common Pleas Division.

*March* 26, 1895. MATTESON, C. J. The Judiciary Act, cap. 31, § 6, provides that a party entitled to file a petition for a new trial under the preceding section of the chapter, to obtain it, shall take certain steps in the Common Pleas Division where the case was tried, one of which, specified in the third clause of section 6, is the filing of a petition for a new trial setting forth specifically the ground of such new trial. The question for decision in the present proceeding is whether such petition should be filed in the Common Pleas Division, or in the Appellate Division by which it is to be decided.

Inasmuch as the section directs that the steps necessary for obtaining a new trial shall be taken in the Common Pleas Division and the filing of a petition is enumerated among the steps to be taken, we are of the opinion that the petition is to be filed in that division. It would seem to be a somewhat incongruous proceeding for a petition filed in the Common Pleas Division to be addressed to the Appellate Division, and equally incongruous for a petition addressed to the Common Pleas Division to be considered and decided by the Appellate Division. To obviate this apparent incongruity, the

petition, instead of being formally addressed to either division, may be headed as one to be filed in the Common Pleas Division and after stating the title of the case and its number, may proceed to pray for a new trial substantially as in the following form, viz :—

SUPREME COURT,

COMMON PLEAS DIVISION.

Sc.                                                          Session, 189 .

A. B.

v.          Dec'n. No.

C. D.

And now after verdict (or decision as the case may be) comes A. B., the plaintiff, (or C. D. the defendant,) and prays that a new trial be granted him, and as grounds therefor alleges, (Here insert the specific grounds, numbering them, 1, 2, 3, &c.)

When the petition has been filed in the Common Pleas Division, the other steps required by clauses first and second of section 6 having been duly taken, the fourth clause of that section directs the clerk of that division to certify all the papers in the case, which includes the petition, to the Appellate Division for consideration and decision as provided in section 11 of the chapter.

The suit in which the petitioner desires to file his petition for a new trial was a case in which he was plaintiff, and the city treasurer of Providence defendant. The ground of the petition was that one of the jurors was a taxpayer of Providence, and, therefore, disqualified to sit as a juror in the case because interested in the result. The respondent suggests that for such a ground the petitioner should have proceeded under section 2 of said chapter instead of section 6. Doubtless the petitioner might have proceeded under section 2, and would have been compelled to do so had he not discovered the disqualification of the juror in season to have taken the necessary steps to entitle him to proceed under section 6 ; but having seasonably proceeded under the latter section he was entitled to file his petition ; for section 5 provides that if a case has been tried by a jury and the plaintiff deems himself

entitled to a new trial for reasons for which a new trial is usually granted at common law he shall be entitled to have his petition for a new trial heard before and decided by the Appellate Division on complying with the course of procedure set forth in section 6. The disqualification of a juror by reason of interest is a good ground for a new trial at common law.

We are of the opinion that the respondent should have received and filed the petition for a new trial.

*Edward D. Bassett & Edward L. Mitchell*, for petitioner.

*George E. Webster, pro se ipso.*